## MOTORS INSURANCE CORPORATION v. WILLIAM T. WARREN

5-5085                                     448 S. W. 2d 14

Opinion delivered December 22, 1969

*Barber, Henry, Thurman, McCaskill & Amsler,* for appellant.

*Felver A. Rowell, Jr.,* for appellee.

CARLETON HARRIS, Chief Justice. This appeal relates to whether Motors Insurance Corporation, appellant herein, paid the wrong party in settling a claim. The case was submitted to the trial court for determination on stipulated facts and an exhibit. The stipulation was as follows:

"On or about May 2, 1968, William T. Warren purchased from Gosnell Chevrolet Buick Company, Russellville, a 1962 Chevy II Station Wagon, for a stated

cash price of $995.00, less down payment, plus collision and comprehensive insurance written in Motors Insurance Corporation, in policy that is attached as an Exhibit and introduced into evidence as Exhibit A.

"The contract under which Mr. Warren purchased the car was by Gosnell Chevrolet Buick Company assigned to General Motors Acceptance Corporation under an agreement in which Gosnell Chevrolet Buick Company was obligated to repurchase the contract in the event of non-payment by Mr. Warren.

"Mr. Warren entered into possession of the automobile and made one payment under the conditional sales contract in the month of June, 1968. The next payment, under the conditional sales contract was due July 2, 1968. On July 8, 1968, the automobile was involved in a collision in Morrilton, causing heavy damage.

"At the time of the accident the payment due July 2 had not been made. Following the collision the automobile was moved to Gosnell Chevrolet Buick Company at Russellville.

"At the time of the collision the automobile had a fair market value of $650.00. The insurance policy contained a deductible clause of $50.00 in respect to collision coverage.

"The latter part of July, 1968, GMAC called on Gosnell Chevrolet Buick Company to repurchase the contract for the debt. At that time the net balance due GMAC, after crediting all unearned finance charge and insurance premiums was $816.99, which amount was paid by Gosnell Chevrolet Buick to General Motors Acceptance Corporation. Motors Insurance Corporation received from the Gosnell Chevrolet Buick Company an agreed repair price on the damaged vehicle in the amount of $534.75. Motors Insurance Corporation paid to Gosnell Chevrolet Buick Company $484.75, which was

computed at the agreed repair cost, less the $50.00 deductible.

"Subsequently, Gosnell Chevrolet Buick didn't repair the automobile, but sold it in its damaged condition without notice to Mr. Warren. The salvage value was $50.00.

"Mr. Warren has not been the payee of any check issued by Motors Insurance Corporation and has not signed any release in favor of Motors Insurance Corporation."

In addition to this stipulation, the insurance policy issued by Motors Insurance Corporation was offered into evidence. The court entered a judgment against Motors Insurance Corporation, and in favor of Warren, appellee, in the amount of $550.00, plus a $66.00 penalty, and awarded an attorney's fee of $220.00. The court's reason for entering the judgment was "that the court feels, or determines, he [Warren] has not had his day in court." From the judgment, comes this appeal.

The court erred, and the judgment will have to be reversed. In his brief, appellee states:

"* * * Without notice to or with the consent of the Appellee, the automobile was moved to Gosnell Chevrolet-Buick Company. * * * The Appellee never had any notice of any of the dealings between General Motors Acceptance Corporation and the Appellant. * * * No replevin action had been instituted by Gosnell Chevrolet-Buick Company and no notice of any delinquent or forfeiture had ever been given to the Appellee."

Whether these facts are pertinent to a determination of the litigation cannot be passed upon by this court for the reason that it will be observed that they were not included in the stipulation. The policy of insurance was issued in favor of Warren and General Motors Ac-

ceptance Corporation, "as their interests may appear."
Section 7 of the policy, under "Conditions, " provides
as follows:

"The limit of the company's liability for loss shall
not exceed the actual cash value of the property, or if
the loss of a part thereof the actual cash value of such
part, at time of loss, nor what it would then cost to
repair or replace the property or such part thereof with
other of like kind and quality, nor, with respect to an
owned automobile described in this policy, the applica-
ble limit of liability stated in the declarations * * *."

The stipulation sets out that the fair market value
of the automobile, at the time of the collision, was
$650.00. It will be noted that, since Warren had only
made one payment, and was delinquent in the second
payment due, appellee owed a net amount under the
contract which was in excess of the fair market value
of the car. Under the stipulation, when payments to
GMAC became delinquent, Gosnell Chevrolet Buick
Company repurchased the contract as it was obligated
to do under its agreement, and was accordingly sub-
rogated to the rights of that company. Gosnell gave ap-
pellant a repair price on the damaged car in the amount
of $534.75, and appellant then paid the company $484.75,
which represented the repair cost, less the $50.00 de-
ductible.

The policy very clearly provided that Warren and
General Motors Acceptance Corporation, in case of a
loss, should be paid as their interests appeared. Of
course, GMAC was entitled to the full amount of insur-
ance under the aforesaid provision, but since Gosnell
paid the indebtedness, the latter "stepped into the
shoes" of the acceptance corporation. It was entirely
proper for Motors Insurance Corporation to pay the
money to Gosnell for two reasons, first, because of its
being subrogated to the rights of GMAC, and second,
because of Gosnell's having agreed to repair the auto-

mobile. Let it be remembered that we are here dealing with the liability of Motors Insurance Corporation—not Gosnell. If Gosnell picked up the damaged vehicle and moved the car to its place of business in violation of a contractual arrangement with Warren—or settled the claim with appellant for an insufficient amount—or if Gosnell sold the wrecked automobile for a sum much less than its actual value—relief could have been sought by Warren against that company.

We can only determine this litigation from the facts stipulated by the parties, and, under that stipulation, the car admittedly being of less value than the amount owed by Warren, and GMAC or its subrogee being entitled to payment prior to any payment to Warren, we find no liability on the part of appellant.

Reversed.

BYRD, J., dissents.